UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR, VEXATIOUS LITIGANT<br><br>Petitioner,<br><br>v.<br><br>J. W. SULLIVAN,<br><br>Respondent. | Case No. 1:19-cv-01161-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AT SCREENING<br><br>ECF No. 1<br><br>ORDER DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME<br><br>ECF No. 7<br><br>ORDER DENYING PETITIONER'S MOTION TO EXCLUDE EVIDENCE<br><br>ECF No. 8 |

Petitioner Brandon Alexander Favor, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner seeks relief from a "parole problem." ECF No. 1. Petitioner lists ineffective assistance of counsel and a violation of his *Miranda* rights as grounds for relief. *Id*. at 3. Petitioner has more recently moved for a 40-day extension of time to file evidence, ECF No. 7 at 1-2, and to exclude evidence, ECF No. 8.

The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas proceeding must examine the petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124,

1

1127 (9th Cir. 1998). I recommend that the court dismiss the petition for failure to obey this court's previous vexatious litigant order and for failing to comply with 28 U.S.C. § 2254 filing requirements. I deny the pending motions.

**Discussion**

Petitioner has filed at least 27 previous petitions for habeas relief in this district alone.[1] In his most recently closed habeas case, petitioner was deemed a vexatious litigant. *See Favor v. Anderson*, Case No. 1:17-cv-00944-AWI-JLT (E.D. Cal. 2017) at ECF No. 11 at 4. The court "repeatedly counseled petitioner on the proper requirements for filing a federal habeas petition." *Id*. at ECF No. 10 at 7. Petitioner's cases "have been dismissed or transferred . . . and they continue to be dismissed or transferred." *Id*. Petitioner ignored the court's orders and "continued to file frivolous petitions subject to dismissal, or submit random, frivolous pleadings." *Id*.

Petitioner was ordered to undertake several steps when filing any subsequent habeas petitions in this district. *Id*. at 3-4. Petitioner was ordered to "include with the petition a copy of th[e] Vexatious Litigant Order; . . . [u]se the proper form for a habeas corpus action; . . . clearly and concisely specify the grounds for relief and facts supporting each ground; . . . [p]rove that [p]etitioner has exhausted his state court remedies by having presented the petition's claims to the California Supreme Court in a procedurally proper form, and prove that his direct appeal concerning the conviction being challenged has been ruled on by the California Court of Appeal." *Id*. The order noted that the court will screen all new petitions for these requirements. *Id*. at 4. Petitioner may file a new petition only if these requirements are satisfied, and deficient petitions will be rejected. *Id*. Here, petitioner has run afoul of these and other requirements.

First, petitioner did not include a copy of the vexatious litigant order with his instant petition. A copy of the order serves an important purpose: efficient treatment of judicial resources.

Second, petitioner filed using a § 2241 form. State petitioners may not seek relief under § 2241 if relief is available under 28 U.S.C. § 2254. *See Greenawalt v. Stewart*, 105 F.3d 1287,

---

[1] Petitioner has also filed multiple § 1983 complaints in this district and several habeas petitions and other complaints in our neighboring districts.

1287–88 (9th Cir. 1997) (per curiam). In general, a state prisoner challenging the legality of his conviction or sentence must file under § 2254. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017) ("A prisoner in state custody may seek to remedy a violation of his federal constitutional rights by petitioning for a writ of habeas corpus in federal court [pursuant to § 2254]."). In contrast, § 2241 petitions are proper when challenging the manner of execution of a sentence. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."). Petitioner may not file a § 2241 petition to circumvent the rules of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), such as the prohibition on second or successive petitions and the statute of limitations for filing a petition.

Here, petitioner indicated that the petition challenges "a parole problem." ECF No. 1 at 1. However, petitioner claimed ineffective assistance of counsel at his state trial and wrongful waiver of *Miranda* rights during the investigation of his state criminal case as grounds for relief. *Id*. at 3. Petitioner did not describe his parole problems; nor did he provide any supporting evidence of the parole problems. Instead, petitioner claims violations of his constitutional rights. Because § 2254 is the proper avenue to raise constitutional challenges to a state conviction, petitioner may not file under § 2241. If petitioner seeks relief under § 2254 in the future, he must show how his petition meets the filing requirements of AEDPA, including Ninth Circuit advance approval to file a second or successive petition and his ability to meet the statute of limitations requirements.

Third, petitioner failed to clearly and concisely specify the grounds for relief and the facts supporting each ground. Petitioner simply indicated that he sought relief from a "parole problem" and claimed ineffective assistance of counsel and a *Miranda* violation as his grounds. Without more information linking his claims to the relief sought, no relief can be granted. Such short and conclusory statements fail to state a claim upon which relief may be granted and are properly dismissed at screening. *See Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).

3

Fourth, petitioner has not supplied this court with proof that his instant claims have been exhausted before the California Supreme Court or that his conviction has been appealed to the California Court of Appeal. ECF No. 1 at 3-4.

Finally, petitioner moved for a 40-day extension of time to file evidence, ECF No. 7 at 1-2, and moved to exclude evidence, ECF No. 8. Both motions are largely illegible, and I am unable to determine the specific relief petitioner seeks. Both motions are denied at this time. If petitioner successfully complies with the vexatious litigant order, he may make these motions legible and refile them.

**Order**

Petitioner's motion for an extension of time, ECF No. 7, and motion to exclude evidence, ECF No. 8, are dismissed.

**Findings and Recommendation**

I recommend that petitioner's writ of habeas corpus be dismissed for failure to comply with this court's vexatious litigant order and failure to comply with § 2254 filing requirements. I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: December 10, 2019

_____
UNITED STATES MAGISTRATE JUDGE